IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
DAVID G. FELDSTEIN,,            )    CIVIL NO. 11-00420 LEK-KSC
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
STATE OF HAWAI`I, DEPARTMENT    )
OF THE ATTORNEY GENERAL,        )
CHILD SUPPORT ENFORCEMENT       )
AGENCY, ET AL.,                 )
                                )
          Defendants.           )
_____ )
```

**ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT
AND DENYING PLAINTIFF'S EX PARTE MOTION FOR CEASE AND DESIST**

On June 29, 2011, pro se Plaintiff David G. Feldstein ("Plaintiff") filed a Complaint, an Application to Proceed Without Prepayment of Fees and Affidavit ("Application"), and an Ex Parte Motion for Cease and Desist ("Ex Parte Motion"). The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Complaint and the relevant legal authority, this Court HEREBY DISMISSES the Complaint WITHOUT PREJUDICE because the only claim over which federal jurisdiction exists fails to state a claim upon which relief can be granted. Further, the Court HEREBY DENIES the Application and the Ex Parte Motion as moot.

**BACKGROUND**

The instant case arises from the calculation and collection of Plaintiff's child support obligations. Plaintiff alleges that, in May 2002, a "hearing's administrator" from Defendant State of Hawai`i, Department of the Attorney General, Child Support Enforcement Agency, Honolulu County, Hawai`i ("Hawai`i CSEA") wrongfully calculated his child support payments based on disputed evidence of Plaintiff's annual income. [Id. at 5, ¶ 21.] Further, Plaintiff alleges that, during 2002, he discovered that his ex-wife, Olivia B. Feldstein ("Mother"), was collecting welfare benefits from the State of Hawai`i while receiving child support from Plaintiff. According to Plaintiff, Mother was removed from the welfare program for fraud, but the Hawai`i CSEA is currently trying to force Plaintiff to repay Mother's welfare benefits as part of his child support arrearage. [Id. at 6, ¶ 22.] After a motion by Plaintiff and a hearing on June 29, 2006, the Hawai`i CSEA reduced Plaintiff's monthly child support payments to $150 per child and set a payment plan for Plaintiff's arrearage. The family court, however, denied Plaintiff's request for retroactive modification of the child support order. [Id. at 6, ¶ 25.]

The Complaint states that Plaintiff makes his child support payments to the Hawai`i CSEA and that Defendant the State of California, Department of Attorney General, Child Support

Enforcement Agency, San Joaquin County, California ("California CSEA") issues the payments to Mother in California. According to Plaintiff, the California CSEA asserts that it has "Exclusive Jurisdiction" over Plaintiff's support payments. [Id. at 7, ¶ 26.] Plaintiff alleges that the California CSEA "is now sending threatening letters for collection even though all child support payments have always been and continually are up to date to the present time according to Hawaii's court order." [Id. (citation omitted).] Plaintiff tried to resolve this apparent conflict with both the Hawai`i CSEA and the California CSEA, but was unsuccessful. He alleges that the California CSEA "did not allocate all funds collected by [the Hawai`i CSEA and] . . . Substantively Consolidated funds with other cases and modified Hawai`i's court ordered payments allocated to those cases." [Id. (footnotes omitted).] Plaintiff states that he has another child support matter in the County of Santa Clara and that he settled a payment plan in that matter. According to Plaintiff, the funds from the Santa Clara matter are "commingled . . . with San Joaquin county's case." [Id. at 7 n.4.]

Plaintiff alleges that it is impossible for him to meet the child support requirements that the Hawai`i CSEA and the California CSEA (collectively "Defendants") have placed on him. [Id. at 8, ¶ 28.] As a result of Plaintiff's apparent failure to pay his child support obligations, one of the Defendants –

3

Plaintiff does not specify which - has denied Plaintiff's passport and drivers license applications. [Id. at 8, ¶¶ 31-31.a.] Plaintiff contends that this was "unconstitutional, null and void, and of no effect, without 'Substantive due process'" because it has, *inter alia*: deprived him of his ability to pursue his profession, which requires international travel; limited his earning capacity; and impaired his relationships with his present family. [Id. at 8-9, ¶¶ 31-31.b.] Plaintiff alleges that he has been "deprived of his rights to work, in violation of the Fourth Amendment to the United States Constitution, and travel abroad, in violation of the Fifth Amendment to the United States Constitution, without Substantive Due Process of Law." [Id. at 9, ¶ 32.]

The Complaint's prayer for relief includes requests for the following: an order requiring Defendants to cease and desist any and all violations; restitution from Defendants and any others; recalculation of his child support obligations; recalculation of his child support arrearage to exclude any obligation for Plaintiff to repay Mother's welfare benefits; an order declaring that Plaintiff has a right to obtain a passport and a drivers license so that he can work; and any other appropriate relief. [Id. at 10-11, ¶¶ 34-36, 38.]

## DISCUSSION

This district court has recognized that:

> A court may deny leave to proceed *in forma pauperis* at the outset if it appears from the facts of the proposed complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).
> As such, *pro se* plaintiffs proceeding *in forma pauperis* "must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 [(9th Cir. 1987)] (internal citations omitted).

Lopez-Ruiz v. Tripler Army Med. Ctr., Civil No. 11-00065 SOM/KSC, 2011 WL 466784, at *1 (D. Hawai`i Feb. 4, 2011) (some alterations in original).

Plaintiff brings the instant action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Uniform Interstate Family Support Act, 42 U.S.C. § 666(f). [Complaint at 2.] Plaintiff also argues that there is diversity jurisdiction in this case pursuant to 28 U.S.C. § 1391. Plaintiff's reliance on these statutes is misplaced.

I. **Declaratory Judgment Act**

"It is well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established." City of Colton v. Am. Promotional Events, Inc.-West, 614 F.3d 998, 1006 (9th Cir. 2010) (citation and quotation marks omitted). The Declaratory Judgment Act alone

cannot provide the basis for federal jurisdiction in the instant case.

## II. Uniform Interstate Family Support Act

Plaintiff next argues that there is federal jurisdiction because Defendants failed to apply "the Federally mandated legislation of the Uniform Interstate Family Support Act[.]" [Complaint at 2.]

> [I]n order to receive certain federal funds related to child support enforcement, states must adopt the Uniform Interstate Family Support Act, 42 U.S.C. § 666(f), which requires a state to enforce another state's child support order "if the issuing tribunal had jurisdiction," see, e.g., N.Y. Fam. Ct. Act § 580-603(c).

United States v. Kerley, 416 F.3d 176, 180 (2d Cir. 2005). Although federal law gives states incentive to adopt the Uniform Interstate Family Support Act,[1] the act itself is not a federal law, but a model state law. See, e.g., Nunnery v. Florida, 102

---

[1] All of the states have adopted the Uniform Interstate Family Support Act in one form or another. See In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic, 748 F. Supp. 2d 522, 527-28 n.2 (E.D. Va. 2010) (citing Uniform Interstate Family Support Act (2008) (adopted by three states), available at http://www.law.upenn.edu/bll/archives/ ulc/uifsa/2008final.pdf (last accessed Sept. 14, 2010); Uniform Interstate Family Support Act (2001) (adopted by 20 states and the District of Columbia), available at http://www.law.upenn.edu/ bll/archives/ulc/uifsa/final2001.pdf (last accessed Sept. 14, 2010); Uniform Interstate Family Support Act (1996) (adopted by 27 states and the Virgin Islands), available at http://www.law. upenn.edu/bll/archives/ulc/fnact99/1990s/uifsa96.pdf (last accessed Sept. 14, 2010)).
    Hawai`i adopted the 1996 version. See Haw. Rev. Stat. §§ 576B-101 to 576B-902.

F. Supp. 2d 772, 776 (E.D. Mich. 2000). The Uniform Interstate Family Support Act "was developed by the National Conference of Commissioners on Uniform State Laws in 1992 to create uniformity in interstate child support proceedings, and thereby foster greater consistency and efficiency in the enforcement of interstate child support cases." Id. (citation and quotation marks omitted). Neither the Uniform Interstate Family Support Act nor the federal statutes encouraging states to adopt it create a private right of action to litigate child support obligations in federal court.

**III. Diversity Jurisdiction**

Plaintiff's Complaint alleges that venue is proper in this district court "pursuant to 28 U.S.C.§1391 'diversity jurisdiction'." [Complaint at 2.] Although § 1391 addresses venue, this Court will liberally construe Plaintiff's Complaint as asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). See Jackson v. Carey, 353 F.3d 750, 756-57 (9th Cir. 2003) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." (citation and quotation marks omitted)).

Pursuant to § 1332(a)(1), the United States District Courts have original jurisdiction over actions between citizens of different states where the amount in controversy exceeds

$75,000, excluding interest and costs. "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)). Based on the allegations of the Complaint, complete diversity is lacking in this case because both Plaintiff and the Hawai`i CSEA are citizens of Hawai`i. [Complaint at 3, ¶¶ 4-5.] The Court also notes that the allegations of the Complaint do not establish that the amount in controversy exceeds $75,000. This Court therefore FINDS that it does not have diversity jurisdiction over the instant case.

**IV.  Claim for Violation of Plaintiff's Constitutional Rights**

Plaintiff alleges that the denial of his passport application and drivers license violated his rights under the Fourth and Fifth Amendments to the United States Constitution. [Id. at 8-9, ¶¶ 31-32.] The Court liberally construes these allegations as asserting a claim pursuant to 42 U.S.C. § 1983, which states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

This district court has federal question jurisdiction over

8

Plaintiff's § 1983 claim pursuant to 28 U.S.C. § 1331. Plaintiff's Complaint, however, does not state a plausible § 1983 claim.

> [A] person "subjects" another to the deprivation of a constitutional right, within the meaning of § 1983, "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The requisite causal connection may be established when an official sets in motion a "series of acts by others which the actor knows or reasonably should know would cause others to inflict" constitutional harms. Id.

Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (some citations omitted).

First, Defendants are state agencies and "[s]tate agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)).

Further, as noted by this district court in another order dismissing a complaint filed a pro se plaintiff seeking to proceed *in forma pauperis*:

> Even if the court could construe the Hawaii State Hospital as a local governmental unit susceptible to liability under § 1983, Lawrence fails to allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667

9

> (9th Cir. 2007); <u>City of Canton, Ohio, v. Harris</u>,
> 489 U.S. 378, 385 (1989). While detailed
> allegations are not required, a plaintiff must set
> forth "the grounds of his entitlement to
> relief[,]" which "requires more than labels and
> conclusions, and a formulaic recitation of the
> elements of a cause of action. . . ." <u>Bell
> Atlantic Corp. v. Twombly</u>, 550 U.S. 544, --------,
> 127 S. Ct. 1955, 1964-65 (2007) (internal
> quotations and citations omitted). Lawrence has
> not stated a claim under § 1983 against the Hawaii
> State Hospital . . . .

<u>Lawrence v. Kaneohe State Hosp.</u>, Civil No. 11-00020 SOM-KSC, 2011 WL 280958, at *2 (D. Hawai`i Jan. 25, 2011) (some alterations in original). Similarly, in the present case, even if the Hawai`i CSEA and the California CSEA were susceptible to suit under § 1983, the Complaint does not allege that they had deliberate policies, customs or practices that were the moving force behind Plaintiff's alleged constitutional injury. The Court therefore DISMISSES Plaintiff's § 1983 claim WITHOUT PREJUDICE.

Insofar as the only claim over which this Court has jurisdiction fails to state a claim upon which relief can be granted, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any state law claims alleged in the Complaint. <u>See</u> 28 U.S.C. § 1367(c)(3). The Court therefore DISMISSES all state law claims in the Complaint WITHOUT PREJUDICE. The Court expresses no opinion on the merits of Plaintiff's claims regarding the determination of his present child support obligations and his child support arrearage.

**V.  Leave to Amend**

The Court grants Plaintiff until **August 15, 2011** to file an amended complaint that cures the deficiencies identified in this Order.  The Court cautions Plaintiff that it will not refer to his original Complaint to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Further, as a general rule, "when a plaintiff files an amended complaint, '[t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent.'"  Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (alteration in Rhodes)). Thus, if Plaintiff wishes to include any of the Defendants named in the original Complaint in the amended complaint, and if he wishes to reallege any of the claims alleged in the original Complaint in the amended complaint, he must do so expressly, and must sufficiently allege each claim and each defendant's involvement.  The failure to rename any defendant or reallege any claim in any amended complaint will be deemed a waiver.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Complaint, filed June 29, 2011, is HEREBY DISMISSED WITHOUT PREJUDICE and Plaintiff's Application to Proceed Without Prepayment of Fees and

Affidavit, and Plaintiff's Ex Parte Motion for Cease and Desist, also filed June 29, 2011, are HEREBY DENIED AS MOOT.

The Court GRANTS Plaintiff until **August 15, 2011** to file an amended complaint that addresses the deficiencies identified in this Order. The Court CAUTIONS Plaintiff that his failure to file his amended complaint by **August 15, 2011** will result in the AUTOMATIC DISMISSAL of this action for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 25, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DAVID G. FELDSTEIN V. STATE OF HAWAII, ETC., ET AL; CIVIL NO. 11-00420 LEK-KSC; ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT AND DENYING PLAINTIFF'S EX PARTE MOTION FOR CEASE AND DESIST.**